PD-1052-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/2/2015 10:57:28 AM
Accepted 9/3/2015 9:44:38 AM
ABEL ACOSTA
CLERK

CASE NO. PD 1052- 15

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

RULE 68 T. R. A. P.

JOSHUA M. WILLIS
Appellant

v.

THE STATE OF TEXAS,
Appellee

On Petition for Discretionary Review From
The Seventh Court of Appeals
In No. 07-15-00013-CR
Affirming the Judgment in No. 2013-384-C1
From the 19th Judicial District Court
Of McLennan County, Texas
Honorable Ralph Strother, Judge

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

John M. Hurley
State Bar No. 10311100
427 N. 38th Street
Waco, Texas 76710
Tel: (254) 753-6161
Fax: (254) 714-2564
E-Mail: jmhurley1@yahoo.com
Attorney for Appellant

September 3, 2015

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

Trial Court Judge:                              Hon. Ralph Strother

Appellant:                                      Joshua M. Willis

Appellant's Trial Counsel:                      Michelle Tuegel
                                                P. O. Box 726
                                                Waco, Texas  76703

Appellant's Counsel on Appeal:                  John M. Hurley
                                                427 N. 38th Street
                                                Waco, Texas  76710

Appellee:                                       The State of Texas

Counsel for State of Texas:                     Robbie Moody
                                                Evan O'Donnell
                                                Asst. Crim. District Attorneys
                                                219 N. 6th Street
                                                Suite 200
                                                Waco, Texas  76701

Complainant:                                    Ernesto Lopez

# TABLE OF CONTENTS

Identity of Judge, Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Questions Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

1. Whether the Court of Appeals erred in holding that Appellant's <u>Batson</u> challenge was properly overruled? (Slip Op. 2-4).

2. Whether the Court of Appeals erred in holding that Appellant's requested jury instruction on mistake of fact was properly overruled? (Slip Op. 5-6).

3. Whether the Court of Appeals erred in holding that Appellant's objection to the prosecutor's argument that challenged the jury to allow Appellant to walk out of the courthouse with them was properly overruled? (Slip Op. 6-7).

4. Whether the Court of Appeals erred in holding that Appellant's objection to the prosecutor's punishment argument was properly overruled? (Slip. Op. 7-8).

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Appendix "A" - Court of Appeals Opinion

Appendix "B" - Order Extending Time to File Petition for Discretionary Review

# INDEX OF AUTHORITIES

## Cases

Almanza v. State, 686 S.W. 2d 157 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . 8

Arizona v. Fulminante, 449 U.S. 379 (1991). . . . . . . . . . . . . . . . . . . . . . . . 6

Atkinson v. State, 923 S.W. 2d 21 (Tex. Crim. App. 1996). . . . . . . . . . . . . . .8

Batson v. Kentucky, 476 U.S. 79 (1986). . . . . . . . . . . . . . . . . . . . . . .2, 3, 4, 5, 6

Brown v. State, 270 S.W. 3d 564 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . .9

Cockrell v. State, 933 S.W. 2d 73 (Tex. Crim. App. 1996). . . . . . . . . . . . . . .10

Grant v. State, 325 S.W. 3d 655 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . .5

Hutch v. State, 922 S.W. 2d 166 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . .8

Moore v. State, 265 S.W. 3d 73 (Tex. App. – Houston [1st District] 2008). . . . . 4

Morris v. State, 940 S.W. 2d 610 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . 5

Roe v. Flores-Ortega, 528 U.S. 470 (2000). . . . . . . . . . . . . . . . . . . . . . . . .6

Shaw v. State, 243 S.W. 3d 647, 657-658 (Tex. Crim. App. 2007). . . . . . . . . . .8

Sullivan v. Louisiana, 508 U.S. 275 (1993). . . . . . . . . . . . . . . . . . . . . . . . .6

Wesbrook v. State, 29 S.W. 3d 103 (Tex. Crim. App. 2000). . . . . . . . . . . . . . .12

Whitsey v. State, 796 S.W. 2d 707 (Tex. Crim. App. 1989). . . . . . . . . . . . . . . 5

## Statutes and Codes

Texas Code of Criminal Procedure Art. 35.261. . . . . . . . . . . . . . . . . . . . . . . .3, 4

Texas Code of Criminal Procedure Art. 36.14. . . . . . . . . . . . . . . . . . . . . . . . .8

Texas Penal Code, §2.03(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Texas Penal Code, §8.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Texas Penal Code §22.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Texas Penal Code §29.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Texas Rules of Appellate Procedure, Rule 44.2(b). . . . . . . . . . . . . . . . . . . .10, 12

## STATEMENT CONCERNING ORAL ARGUMENT

Appellant waives oral argument.

## STATEMENT OF THE CASE

On March 6, 2013 a McLennan County Grand Jury indicted Joshua M. Willis for the second degree felony offense of robbery, Texas Penal Code §29.02, enhanced to first degree felony punishment by the allegation that he had previously been convicted of a penitentiary felony. (C.R. 6-7). A jury found Appellant guilty of robbery as alleged in the indictment. (C.R. 123); (5 R.R. 228-229). After hearing evidence in the punishment phase of the trial, the jury returned a punishment verdict of 60 years confinement and no fine. (C.R. 132); (6 R.R. 207). A Motion for New Trial was not filed.

## PROCEDURAL HISTORY

In an unpublished Memorandum Opinion delivered and filed July 14, 2015 (Appendix "A") the Seventh Court of Appeals affirmed the judgment of the trial court. A Motion for Rehearing was not filed.

Upon motion of Appellant the Court of Criminal Appeals extended the time for the filing of his Petition for Discretionary Review to September 14, 2015. (Appendix "B").

1

## QUESTIONS PRESENTED FOR REVIEW

1.     Whether the Court of Appeals erred in holding that Appellant's <u>Batson</u> challenge was properly overruled?  (Slip Op. 2-4).

2.     Whether the Court of Appeals erred in holding that Appellant's requested jury instruction on mistake of fact was properly overruled?  (Slip Op. 5-6).

3.     Whether the Court of Appeals erred in holding that Appellant's objection to the prosecutor's argument that challenged the jury to allow Appellant to walk out of the courthouse with them was properly overruled?  (Slip Op. 6-7).

4.     Whether the Court of Appeals erred in holding that Appellant's objection to the prosecutor's punishment argument was properly overruled?  (Slip Op. 7-8).

## <u>ARGUMENT</u>

1.     The Court of Appeals erred in holding that Appellant's <u>Batson</u> challenge was properly overruled.

The trial record does not support the statements the prosecutor gave the court as "race neutral" reasons.  Appellant maintains that the reasons the prosecutor gave were pretexts to remove only the venire members the same race as Appellant.  Because <u>Batson</u> error is structural error, the cause should be remanded for a new trial.

Finding that the State had advanced race neutral reasons for striking the two African American members of the venire panel, the trial court overruled the

2

defense motion brought under **Batson v. Kentucky, 476 U.S. 79 (1986),** and Art. 35.261 Texas Code of Criminal Procedure.

A review of the record of the voir dire portion of the trial suggests that the State was referring to answers that each of the two African-American panel members gave to defense counsel's request that each person on the panel state their greatest strength and greatest weaknesses. Appellant contends that no portion of the voir dire record supports what the State offered as race neutral reasons for striking the panel members in question, including No. 14's and No. 29's answers to defense counsel's request that they state their greatest strength and greatest weaknesses.

Contrary to what the prosecutor represented to the court, Ms. Anderson did not say she was "very compassionate" at all. Nor did she say she was compassionate. (4 R.R. 182-183). Ms. Anderson, No. 14 a retired nurse (4 R.R. 196) said that her weakness was that she cared too much, not that she was too compassionate. The reason the State gave for striking Ms. Anderson was not race neutral as to her.

Next we address the prosecutor's reason for striking No. 29 Ms. Brooks, a school teacher. The prosecutor said that she said she liked to help people, and that's exactly who he didn't want on the jury. He told the court that No. 29 was

compassionate. The problem is she never described herself that way in anything she said.

In explaining his strike of Ms. Brooks, the prosecutor also said he tried to "get rid of as many teachers as I could." However, juror No. 1 was also a teacher (4 R.R. 180), and she was not a strike by the State (C.R. 109). No. 31 was also a teacher (4 R.R. 189) and was not struck by the State even though the State used three strikes after venireperson No. 31. (C.R. 109-111). Clearly, the reasons the prosecutor gave for striking Ms. Brooks were pretenses.

In **Batson v. Kentucky, 476 U.S. 79 (1986)** the Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment forbids the prosecutor to challenge potential jurors solely on account of their race. This holding is codified in the Texas Code of Criminal Procedure in Art. 35.261 Peremptory Challenges Based on Race Prohibited.

In the case at bar the defense made the prima facie showing that the prosecutor exercised peremptory challenges on the basis of race. The burden of production then shifted to the State to present race neutral reasons for its challenged strikes. See **Moore v. State, 265 S.W. 3d 73, 77-78 (Tex. App. – Houston [1ˢᵗ District] 2008), pet. dism'd 286 S.W. 3d 371 (Tex. Crim. App. 2009).**

4

The State failed to articulate any race neutral reason supported by record explaining its strike of venireperson 14 Ms. Anderson.

The reason advanced by the State for striking No. 29 Ms. Brooks was an impermissible pretext.

**Whitsey v. State, 796 S.W. 2d 707, 713-714 (Tex. Crim. App. 1989)** contains a nonexclusive list of factors which weigh against the legitimacy of a "race neutral explanation." Those factors include that the reason given is not related to the facts of the case, a lack of questioning to the challenged juror or a lack of meaningful questions, disparate treatment of the venire panel, disparate examination of member of the venire, and an explanation based on a group bias where the group trait is no shown to apply to the challenged juror specifically. The Court of Appeals should consider the facts and use the clearly erroneous standard of review when examining the trial's holding. **Grant v. State, 325 S.W. 3d 655, 659 (Tex. Crim. App. 2010).** A ruling on a **Batson** objection is an issue of the prosecutor's credibility. **Morris v. State, 940 S.W. 2d 610, 612 (Tex. Crim. App. 1996).**

Appellant maintains that the court clearly erred in accepting the prosecutor's reasons for striking Ms. Anderson and Ms. Brooks. In both instances the prosecutor's stated reasons are not supported by the record, and in Ms. Brooks'

case the prosecutor was willing to accept other teachers as jurors if they were not black.

The trial record clearly supports the conclusion that the prosecutor used peremptory challenges against Ms. Anderson and Ms. Brooks because they were black, as is Mr. Willis. The trial record does not support the prosecutor's stated reasons for striking these members of the venire panel.

## HARM ANALYSIS

A violation of **Batson** excluding a juror on racial grounds is structural error that requires no harm analysis. **Batson, 476 U.S. at 100; Arizona v. Fulminante, 449 U.S. 279 (1991); Sullivan v. Louisana, 508 U.S. 275 (1993); Roe v. Flores-Oretga, 528 U.S. 470 (2006).**

Accordingly, Appellant prays that the Court of Criminal Appeals grant his Petition for Discretionary Review.

2.     The Court of Appeals erred in holding that Appellant's requested jury instruction on mistake of fact was properly overruled.

Appellant contends that the legal issue of mistake of fact was raised by the evidence, requested by the defense, and its omission objected to by the defense. (5 R.R. 19). Without the mistake of fact instruction the Defendant was deprived of a

defensive issue and the jury could not give effect to the court's instruction on the lesser included offense of assault that was included in the charge.

Initially the court indicated that he would include the instruction in the court's guilt/innocence charge on the legal defense of "mistake of fact." Texas Penal Code §8.02.

After hearing the contentions of the lawyers the court denied the Defense's request for an instruction on mistake of fact. (5 R.R. 185-192). However, the court's charge did include an instruction on the offense of assault (Texas Penal Code §22.01) as a lesser included offense of robbery. (C.R. 119).

There was evidence that Mr. Willis had a mistaken belief that the vehicle that had been repossessed was not subject to repossession. Therefore, this mistaken belief negated the kind of culpability required for theft, or "in the course of committing theft" element of the offense of robbery. (5 R.R. 185-192).

The defense pointed to Ernesto Lopez's testimony that Willis had shouted that Lopez was repossessing the wrong car (5 R.R. 29), and to the testimony of Willis' mother that he didn't even know about the loan or that the car was collateral for the loan. (5 R.R. 97).

§8.02 Mistake of Fact is "a defense" to prosecution.

If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that a Defendant be

acquitted. §2.03(d) Texas Penal Code. If a defense is supported by evidence, then the Defendant is entitled to an instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and even if the trial court is of the opinion that the evidence is not credible. **Shaw v. State, 243 S.W. 3d 647, 657-658 (Tex. Crim. App. 2007).**

Appellant was entitled to an instruction on mistake of act, as the court initially thought, and the instruction would have informed the jury and would have put the instruction on the lesser included offense of assault in context as is contemplated by §8.02(b). Contrary to what the prosecutor argued at trial, a jury instruction which identifies evidence requiring special jury consideration under the law, and which sets out the law governing such consideration does not violate the Art. 36.14 prohibition against judicial comment so long as it does not intimate that the jury should resolve any fact question in a certain or that any of the evidence bearing upon such a fact question should be given greater weight or credibility than other evidence bearing on the same question. **Atkinson v. State, 923 S.W.2d 21, 25 (Tex. Crim. App. 1996).**

## HARM ANALYSIS

Because Appellant objected to the charge instruction, reversal is required if there was some harm to him. **Almanza, at 172; Hutch v. State, 922 S.W. 2d 166 (Tex. Crim. App. 1996).** Mistake of fact is a legal defense, §8.02 Texas Penal

8

Code. The court declined to instruct the jury on a legal defense upon the request of the defense upon the request of the defense. Therefore, Appellant suffered harm. Appellant prays that the Court of Criminal Appeals grant his Petition for Discretionary Review.

3.     The Court of Appeals erred in holding that Appellant's objection to the prosecutor's argument that challenged the jury to allow Appellant to walk out of the courthouse with them was properly overruled.

The prosecutor's suggestion that the jury was welcome to leave the courthouse with Appellant was outside the bounds of acceptable argument and was factually erroneous as the prosecutor knew Appellant had pending cases that would keep him in jail even if he were to be found guilty in this robbery case, and was calculated to scare the jurors and prejudice Appellant. This argument was not permissible under **Brown v. State, 270 S.W. 3d 564, 570 (Tex. Crim. App. 2008).**

During the prosecutor's closing argument at the guilty phase of the trial he said, "You know, they're asking you to find the lesser included misdemeanor. Let me ask you. Do you all want him walking out this courthouse with you?" (5 R.R. 224).

Defense counsel's objection to the improper argument was overruled.

Here, the prosecutor was frightening the jurors by implying it would be unsafe for the jurors to find Appellant guilty of a misdemeanor, not a felony, and thereby presumably free to walk the streets, even though the prosecutor knew that other pending charges would keep Appellant locked up even if he were to be acquitted. (2 R.R. – Pre-Trial Hearing, Motion to Reduce Bond August 30, 2013); (3 R.R. Pre-Trial Hearing, Motion to Reduce Bond, August 29, 2014).

The prosecutor's comment was outside the boundaries of acceptable argument and was calculated to scare the jurors into finding Appellant guilty of robbery.

## HARM ANALYSIS

Appellant objected to the improper argument and pursued his objection to an adverse ruling. **Cockrell v. State, 933 S.W. 2d 73, 89 (Tex. Crim. App. 1996).**

While error in allowing improper argument is generally non-constitutional error under Rule 44.2(b) T.R.A.P. Appellant contends that his right to receive a fair trial was infringed and that this error warrants reversal. Accordingly, Appellant prays that the Court of Criminal Appeals grant his Petition for Discretionary Review.

4.    The Court of Appeals erred in holding the Appellant's objection to the prosecutor's punishment argument was properly overruled.

10

In his punishment argument the prosecutor invited the jury to speculate that the reason Appellant did not want the car to be towed away was because there was drugs in the car that could be discovered. (6 R.R. 201);

Prosecutor: You all think now looking back, now that you've heard a little more about the barber shop and his dealings, maybe it's possible there was another reason he didn't want anybody getting in that car. That---

Mr. Hunt: I'm going to object to that. That is asking them to – to surmise something that is not in evidence. There's not one shred of evidence that there was dope in that car, and I'm going to object to that.

The Court: Overruled.

There had been evidence that Appellant had been involved in drugs, and that the owner of the barber shop had a drug conviction and the shop was known to the police as a place where drugs could be found, but there was no evidence the car Ernesto Lopez had tried to repossess had drugs in it.

Appellant contends that the prosecutor's comment injected new facts into the case and was outside the bounds of permissible jury argument. The phrasing he used said as much – "…maybe it's possible…" The prosecutor knew he was saying something not supported by the record, but he wanted the jury to speculate

on Willis' reason for stopping the repossession in the hope that Willis would receive a longer sentence. It was improper to invite the jury to speculate on the existence of evidence not presented. See **Wesbrook v. State, 29 S.W. 3d 103, 115 (Tex. Crim. App. 2000).**

## HARM ANAYLSIS

Appellant objected to the improper argument and pursued his objection to an adverse ruling.

While error in allowing improper argument is generally non-constitutional error under Rule 44.2(b), T.R.A.P., Appellant contends that his right to receive a fair punishment hearing was infringed by the prosecutor injecting facts not in evidence into his closing argument. As a result, the jury assessed Appellant 60 years confinement. Appellant should be granted a new punishment hearing. Appellant prays that the Court of Criminal Appeals grant his Petition for Discretionary Review.

## PRAYER

For the reasons in the brief, Appellant prays for the granting of his Petition for Discretionary Review.

Respectfully submitted,

_John M. Hurley_
John M. Hurley
State Bar No. 10311100
427 N. 38th Street
Waco, Texas   76710
Tel:  (254) 753-6161
Fax: (254) 714-2564
Email:  jmhurley1@yahoo.com
Attorney for Joshua M. Willis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Petition for Discretionary Review was mailed to the persons listed below on the ___2___ day of September 2015.

State Prosecuting Attorney
P. O. Box 13046
Austin, TX   78711

Sterling Harmon
Asst. Crim. District Attorney
219 N. 6th St
Suite 200
Waco, TX   76701

Joshua M. Willis
% McLennan County Jail
3201 E. Hwy. 6
Waco, TX   76705

_John M. Hurley_
John M. Hurley

13

# CERTIFICATE OF COMPLIANCE

I certify that Appellant's Petition for Discretionary Review contains 4,078 words, Microsoft Word 2010.

_____
John M. Hurley



APPENDIX "A"

FILE COPY

No. 07-15-00013-CR

| | | |
|---|---|---|
| Joshua M. Willis<br>  Appellant | § | From the 19th District Court<br>  of McLennan County |
| | § | |
| v. | | July 14, 2015 |
| | § | |
| The State of Texas<br>  Appellee | | Opinion Per Curiam |
| | § | |

## J U D G M E N T

Pursuant to the opinion of the Court dated July 14, 2015, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

## No. 07-15-00013-CR

### JOSHUA M. WILLIS, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2013-384-C1, Honorable Ralph T. Strother, Presiding

### July 14, 2015

## MEMORANDUM OPINION

### Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Joshua M. Willis, was convicted of robbery and assessed a sixty year sentence. He attacks his conviction through four issues, contending that the trial court erred in 1) overruling his *Batson* challenge, 2) failing to instruct the jury on mistake of fact, 3) overruling his objection to the State's closing argument during the guilt/innocence phase of the trial, and 4) overruling his objection to the State's closing argument during the punishment phase of the trial. We affirm.

*Background*

On November 14, 2012, Ernesto Lopez attempted to repossess a Grand Marquis car parked by a barber shop. He had matched the license number of the vehicle to the number on his repossession order and had hooked up the vehicle to his tow truck when appellant ran out of the barber shop. As appellant ran from the shop, he could be heard yelling that Lopez had the wrong car. Following this was appellant's unsuccessful attempt to disconnect the car from the tow boom, his effort to enter the tow truck and take Lopez's keys, his scuffle with Lopez wherein Lopez was hit and bit, and his taking of Lopez's cell phone. And, after appellant yelled for someone to "grab his gat out of the vehicle," Lopez apparently disconnected the car from the tow truck. At that point, appellant entered the Marquis and drove away.

Appellant's mother owned the car, which apparently was collateral for a delinquent loan. A police officer testified that appellant's mother told him she had given the loan money to appellant, and he was supposed to repay the loan. However, she denied at trial that appellant knew the vehicle was subject to a loan.

*Batson Challenge*

In his first issue, appellant claims that the trial court erred in overruling his contention that the State improperly used peremptory strikes against the only two African-American jurors left on the jury panel. We overrule the issue.

The Equal Protection Clause of the United States Constitution prohibits the State from exercising its peremptory strikes solely on the basis of race. *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S. Ct. 1712, 1719, 90 L. Ed.2d 69 (1986). Several steps are required in establishing that the challenges were so exercised. The defendant must

2

initially make a prima facie showing of racial discrimination, which then obligates the State to articulate a race-neutral explanation for exercising its challenges in the manner it did. *Baston,* 476 U.S. 97, 106 S. Ct. 1723-24; *Blackman v. State,* 414 S.W.3d 757, 764 (Tex. Crim. App. 2013). If such an explanation is proffered, then the trial court reviews the circumstances to ultimately decide if the State engaged in purposeful discrimination. *Blackman v. State,* 414 S.W.3d at 765.

Next, we cannot interfere with the trial court's decision unless it is clearly erroneous. *Id.*; *Gibson v. State,* 144 S.W.3d 530, 534 (Tex. Crim. App. 2004). In assessing whether it is, we consider the entire *voir dire* record. *Watkins v. State,* 245 S.W.3d 444, 448 (Tex. Crim. App. 2008). So too must we not only 1) focus on the genuineness of the explanation offered by the State, not its reasonableness, *Gibson v. State,* 144 S.W.3d at 533-34, but also 2) remember that the explanation need not rise to a level justifying a challenge for cause. *Blackman v. State,* 414 S.W.3d at 770.

The venire members underlying appellant's *Batson* challenge here were Jurors Nos. 14 and 29. No one disputes that they were black. And, when accused of striking them from the venire due to their race, the State proffered the following explanation for removing them. According to the prosecutor, "one of her things was that she [Juror No. 14] was very compassionate. I don't want somebody who's compassionate on my jury. We struck No. 15 for the same reason who was a white lady . . . ."[1] Concerning Juror No. 29, the prosecutor stated that "I was trying to get rid of as many teachers as I could off the panel. Let me see what she said. Oh, yeah, she said she liked to help people. I don't - - that's exactly who I'm trying to get off is somebody who is going to help people

---

[1] Juror No. 14 stated that her weakness was "caring too much." Juror No. 15 stated that she was a compassionate person.

3

and be compassionate."[2]   Upon hearing these explanations, the trial court overruled appellant's challenge.

The explanations offered by the State were race-neutral.  Because they were, appellant had the burden to persuade the trial court, by a preponderance of the evidence, that they were simply a pretext for discrimination.  *See Blackman v. State,* 414 S.W.3d at 765 (stating that when a race neutral explanation is proffered, the defendant has the burden of persuasion to prove by a preponderance of the evidence that the State engaged in purposeful discrimination).  However, appellant did not attempt to rebut or discredit the explanation.  Moreover, the trial court was free to view the prosecutor's assertion that he struck non-black venire members for the same reason "as an indication that his strike[s] against . . . [Jurors Nos. 14 and 29] [were] not racially motivated."  *Id.* at 770. Under these circumstances, we cannot say that the trial court clearly erred in overruling the *Batson* challenge levied by appellant.   When the explanation is facially plausible and not contradicted, the trial court does not err in overruling the challenge even if the reason given by the State proves to be incorrect. *Ford v. State,* 1 S.W. 3d 691, 693-94 (Tex. Crim. App. 1999).[3]

---

[2]   In response to the State's question as to how a juror might judge whether a person is truthful, Juror No. 29 stated: . . . I don't know how I could prove they were guilty or innocent, just listen to them and see what their side is to see if they - - if I can help them to talk to them to see where we can be at, and then I can't say they're innocent or guilty until they're proven."

[3]Although appellant also contends before us that other school teachers were not challenged, he did not raise that argument to the trial court.  More importantly, he cites us to no evidence indicating that the purported school teachers who remained on the venire also described themselves as "compassionate" (though one would hope they were).  And, it could be inferred from the State's comments that the removal of compassionate people from the venire was of paramount consideration.

4

*Mistake of Fact*

Next, appellant asserts the trial court erred in denying his request for a jury instruction on mistake of fact. We overrule the issue.

A defendant is entitled to an instruction on any defensive issue raised by the evidence whether the evidence is weak, strong, unimpeached, or uncontradicted. *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013); *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). It is a defense to prosecution if the defendant, through mistake, formed a reasonable belief about a matter of fact if his mistaken belief negated the culpability required for the commission of the offense. TEX. PENAL CODE ANN. § 8.02(a) (West 2011).

Next, the offense of robbery occurs when a person, "in the course of committing theft . . . and with intent to obtain or maintain control of the property," intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011). Finally, one commits theft if he "unlawfully appropriates property with intent to deprive the owner of" it. *Id.* § 31.03(a) (West Supp. 2014).

Here, appellant contends that he was entitled to the mistake instruction apparently because he did not know the car was subject to a loan and lien, which loan was in default. That somehow affected the element of theft encompassed in the crime of robbery, as we understand his argument. Yet, the indictment did not link the theft to any particular item of property. Furthermore, the evidence of record disclosed that appellant not only took the car but also attempted to take Lopez's vehicle keys and actually took, for a short period of time, Lopez's cell phone. Appellant does not dispute doing so. Nor does he allege that he thought the keys and cell phone belonged to him

5

or his mother or anyone other than Lopez.[4] So, if we were to assume that the record supported a mistake instruction *viz* his exercising control over the car, it did not support such an instruction *viz* his unlawful appropriation of Lopez's property. This, in turn, leads us to conclude that the purported mistake upon which appellant relied did not negate his culpability for robbery since he was in the course of committing theft even if mistaken about the loan on the car. The trial court did not err in omitting the defensive instruction.

*Argument during Guilt/Innocence*

During closing argument at the guilt/innocence phase of the trial, the State asked the jury, "Do you all want him walking out this courthouse with you?" Appellant objected, but the court overruled it. Appellant avers before us that the trial court erred in overruling the objection because the statement was calculated to scare and prejudice the jury, and the prosecutor knew that appellant had other charges pending against him and he would not be leaving jail. We overrule the issue.

Four permissible areas of jury argument are 1) summation of the evidence, 2) reasonable deduction from the evidence, 3) answer to argument of opposing counsel, and 4) pleas for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). In determining whether argument properly fell within those four areas, we consider the entire argument and not isolated excerpts. *See Mosley v. State*, 686 S.W.2d 180, 183 (Tex. Crim. App. 1985).

The challenged statement at bar was made within the following context:

[STATE:] . . . You know, they're asking you to find the lesser included - - find him

---

[4] While appellant may argue that he did not complete the theft of either the keys or cell phone, a completed theft is not needed to support a conviction for robbery. *See Holberg v. State*, 425 S.W.3d 282, 287 (Tex. Crim. App. 2014) (stating that robbery requires only attempted theft).

guilty of a lesser included misdemeanor. Let me ask you. Do you all want him walking out this courthouse with you?

MS. TUEGEL: Objection, Your Honor. That's improper argument.

THE COURT: Overruled.

MR. MOODY: Or do you all want him where he belongs? I mean that's the choice in front of you. You all think this is misdemeanor conduct? Boy, I don't.

Asking the jury if it wants the defendant "running loose and free" in the community is a proper plea for law enforcement. *See Ledesma v. State*, 828 S.W.2d 560, 563-64 (Tex. App—El Paso 1992, no pet.). We see little distinction between the argument in *Ledesma* and the one before us. Furthermore, the State did not know whether appellant would be convicted of any other pending charge against him and thus might be free at some point if not convicted here. Consequently, we cannot say that the trial court abused its discretion in overruling appellant's objection. *York v. State*, 258 S.W.3d 712, 717 (Tex. App—Waco 2008, pet. ref'd) (describing the standard of review as abused discretion).

### Argument during Punishment Phase

Appellant also complains of the State's jury argument during the punishment phase. The argument in question consisted of the prosecutor saying ". . . maybe its [sic] possible there was another reason he didn't want anybody getting in that car. Maybe there was dope in that car." Appellant objected, contending that there was no evidence of dope in the car. We overrule the issue.

A prosecutor may not use final argument to invite the jury to speculate about matters that are outside of or unsupported in the record. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). And, for purposes of this issue, we assume *arguendo*

7

that no evidence appeared of record indicating that drugs were in the Marquis. Nonetheless, of record during the punishment phase was evidence that 1) appellant had been found with drugs in his possession on multiple occasions, 2) he had sold drugs to undercover police officers on multiple occasions, 3) he had run from police on a previous occasion and thrown drugs on the ground as he did so, 4) he had previous drug convictions, 5) he had a history of carrying firearms, and 6) the barbershop appellant was in when Lopez attempted to repossess the vehicle was a location well known to police as a distribution site for various controlled substances. Given that the matter of drugs and appellant's involvement with them was already of record, we cannot say that the State's reference to drugs being in the car harmed him or otherwise affected the result in any way. The skunk was already in the jury box before the prosecutor again tried to put it there.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.



APPENDIX "B"

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

8/17/2015

WILLIS, JOSHUA M.    Tr. Ct. No. 2013-384-C1    COA Case No. 07-15-00013-CR    PD-1052-15

On this day, this Court has granted the Appellant's motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the petition has been extended to Monday, September 14, 2015. NO FURTHER EXTENSIONS WILL BE ENTERTAINED. NOTE: Petition for Discretionary Review must be filed with the Court of Criminal Appeals.

Abel Acosta, Clerk

JOHN M. HURLEY
427 N. 38TH STREET
WACO, TX 76710
* DELIVERED VIA E-MAIL *